UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTACE ALFREDERIC WRIGHT, <br> Plaintiff, <br><br> v. <br><br> DAVID LIVINGSTON, et al., <br> Defendants. | Case No. 25-cv-10966-AGT (PR) <br><br> **ORDER SCREENING COMPLAINT** |

### INTRODUCTION

Plaintiff Estace Alfrederic Wright alleges that two sheriff's deputies at the West County Detention Facility used excessive force against him.  His 42 U.S.C. § 1983 complaint is now before the Court for screening pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

While plaintiff's allegations against the two named deputies may state a claim for relief, his complaint cannot proceed in its present state.  Plaintiff names many other defendants but does not provide any specific facts tying them to any specific wrong.  In his amended complaint, plaintiff must allege specific facts against each named defendant showing that he or she committed a constitutional wrong.  Accordingly, on or before **June 8, 2026**, plaintiff shall file an amended complaint correcting the deficiencies of the complaint.  If plaintiff does not file an amended complaint by June 8, 2026, or if the complaint is deficient, this action will be reassigned to a district judge with a report and recommendation that the action be dismissed.

Plaintiff has consented to magistrate judge jurisdiction for all purposes under 28 U.S.C. § 636(c).  (Dkt. No. 5.)

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff alleges that on October 11, 2025 at the West County Detention Facility, two sheriff's deputies (Lew and Culberson) used excessive force on him.  (Compl., Dkt. No. 2-5.)  While such allegations may state a claim for relief, this action cannot proceed

with the complaint in its present state.  Plaintiff names many other defendants but without alleging any specific facts against them and who do not appear to be directly involved in the incident.

In his amended complaint, plaintiff must allege specific facts tying a defendant to a specific wrong.  "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  *Id.*

Plaintiff must also keep in mind that supervisory defendants --- such as Sheriff Livingston, who is named in the complaint --- are not responsible simply because they are supervisors.  There is no respondeat superior liability under § 1983.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong.  *Iqbal*, 556 U.S. at 675-82.  Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct.  *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

## CONCLUSION

**On or before June 8, 2026, plaintiff shall file an amended complaint**.  The amended complaint must include the caption and civil case number used in this order (25-

10966 AGT (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page.  It must appear on this Court's form, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  If plaintiff does not file an amended complaint by June 8, 2026, or if the complaint is deficient, this action will be reassigned to a district judge for dismissal.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.

**IT IS SO ORDERED.**

**Dated:**  April 29, 2026

_____
ALEX G. TSE
United States Magistrate Judge

4